FILED
BILLINGS, MT

2006 MAR 31 AM 9 18

PATRICK E. DUFF CLERK

BY _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DUBRAY LAND SERVICES, INC., and<br>JAMES DUBRAY,<br><br>       Plaintiffs,<br><br>    v.<br><br>SCHRODER VENTURES US, ANDREW<br>GASPAR, NICHOLAS SOMERS, AND W.<br>MONTAGUE YORT, MESA COMMUNICATIONS<br>GROUP, LLC, MESA HOLDING CO., AND<br>JOHN DOES 1-10,<br><br>       Defendants. | )<br>)<br>) Cause No. CV 05-130-BLG-RWA<br>)<br>) **FINDINGS AND RECOMMENDATIONS**<br>) **OF UNITED STATES MAGISTRATE**<br>) **JUDGE**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

In this action, plaintiffs DuBray Land Services, Inc. ("DLS") and James DuBray claim that defendant Mesa Communications Group ("Mesa") and defendant Schroder Ventures US, as the alter ego of Mesa, committed the torts of abuse of process, bad faith, and intentional and negligent infliction of emotional distress in connection with a lawsuit filed by DLS against Mesa, which arose out of a dispute over construction of cell phone towers in Montana. *See DLS v. Mesa,* Cause No. CV 01-123-BLG-RFC ("*DLS I*"). Plaintiffs allege that defendants Andrew Gaspar, Nicholas Somers and W. Montague Yort are partners in Schroder Ventures and that defendant Mesa Holding Co., which allegedly owns 75% of Mesa, was created by Schroder Ventures.

Only defendant Mesa has appeared in the present action. It did so by way of a motion to dismiss in which it contended that the complaint failed to state a claim upon which relief may be granted and was barred by res judicata and collateral estoppel. Mesa's motion to dismiss is the subject of the present findings and recommendations.

### DISCUSSION

### A.  Abuse of Process

A Montana common law claim of abuse of process lies where a party attempts to use legal processes, whether civil or criminal, to coerce the opposing party "to do some collateral thing which he could not be legally and regularly compelled to do." *Brault v. Smith*, 679 P.2d 236, 240 (Mont. 1984); *State Bd. of Dentistry v. Kandarian,* 886 P.2d 954, 958 (Mont. 1994). Elements of an abuse of process claim are "(1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Brault*, 679 P.2d at 240. Nevertheless, "pressing valid legal claims to their regular conclusion, even with an ulterior motive, does not by itself constitute abuse of process. . . . The mere fact that the suit had some collateral effect on the conduct of the parties does not constitute an abuse of process." *Id.*

Plaintiffs contend that defendants committed the tort of abuse of process by threatening to drag out the *DLS I* litigation and by engaging in litigation tactics designed to destroy plaintiffs

financially.   To reach this goal, defendants "brought endless frivolous and unfounded motions, destroyed and hid documents and information, failed to prepare witnesses, shuffled discovery responses and generally did everything it could to make it nearly impossible for [DLS] to conduct effective discovery and prepare its case for trial."  Complaint at 12.

While such legal maneuverings, assuming they occurred, may have indeed increased the costs of litigation, they do not, in and of themselves, constitute a claim of abuse of process under Montana law.  The allegations of the complaint simply fall short of any claim that Mesa used legal processes to "coerce [plaintiffs] to do some collateral thing which [plaintiffs] could not be legally and regularly compelled to do."  *Brault*, 679 P.2d at 240; *Kandarian*, 886 P.2d at 958.

Plaintiffs' claims here are nothing like those in *Hopper v. Drysdale*, 524 F.Supp. 1039 (D. Mont. 1981), a case that illustrates a classic claim for abuse of process.  In *Hopper,* counsel noticed a deposition in Montana with the ulterior motive of having the deponent appear in the state so that he could be arrested on a contempt warrant arising out of a separate proceeding.  Unlike the present case, where the complaint alleges only that Mesa used legal processes to overzealously defend claims brought against them, counsel in *Hopper* resorted to legal process to accomplish something they could not otherwise have accomplished: they compelled the deponent's presence within the state for the purpose of securing

-3-

his arrest.

Plaintiffs point out that other jurisdictions have expanded the tort of abuse of process to include allegations concerning a party's abusive litigation tactics. *Crackel v. Allstate Ins. Co.*, 92 P.3d 882 (Ariz.Ct.App. 2004); *Givens v. Mulliken ex rel. Estate of McElwaney*, 75 S.W.3d 383 (Tenn. 2002). Montana, however, has not gone so far. Instead, under *Brault* and *Kandarian,* the prosecution or defense of legal claims, even with an ulterior motive, does not lead to a claim for abuse of process.

The present case demonstrates the wisdom of refusing to include abusive litigation tactics within the ambit of an abuse of process claim. Federal judges are empowered by the Federal Rules of Civil Procedure and their inherent judicial authority to manage and control the costs of litigation. In accordance with that authority, the District Judge in *DLS I* was available to, and did in fact, address grievances concerning the conduct of discovery and litigation.[1] For example, DLS moved the District Court to sanction Mesa for alleged discovery abuses. The request was denied.[2] DLS

---

[1] The Court takes judicial notice of the record in *DLS I*. Rule 201, Fed.R.Evid.

[2] The denial was accompanied by the following observation by the District Court:

This case presents an unusually inordinate number of motions to compel and motions for sanctions emanating from the plaintiff [DLS]. Hopefully, the informal discovery conference which was held and the rulings by the Court, along with the continued discussion and cooperation of counsel, will obviate the need for the filing of similar motions.

-4-

also moved the for entry of judgment of liability against Mesa for the alleged destruction of evidence. That motion, too, was denied. Instead, the Court allowed DLS to amend its complaint to add a claim of spoliation of evidence.  The spoliation claim was presented to the jury, which found that Mesa had intentionally destroyed evidence.  The jury failed to find, however, that the destruction of evidence was a cause of damage to DLS.[3]

Plaintiffs' abuse of process claim is predicated upon litigation tactics employed by Mesa in the underlying case. Without more, plaintiffs' allegations fail to state a claim upon which relief may be granted.  Mesa's motion to dismiss the abuse of process claim should be denied.

## B.  **Bad Faith**

Under Montana's Unfair Settlement Practices Act, a self-insured corporation may be liable to a third-party claimant for (a) refusing to pay claims without conducting a reasonable investigation; and (b) neglecting to make a good faith attempt to effectuate a prompt, fair, and equitable settlement of claims once liability has become reasonably clear.  Sections 33-18-201(4) and

---

Order of April 2, 2003.

[3]Very arguably, plaintiffs are barred by the doctrines of claim preclusion and collateral estoppel from relitigating issues concerning abusive discovery and litigation tactics that allegedly occurred during *DLS I*.  Plaintiffs' claims are such that they could have been raised and in many instances were in fact raised during *DLS I*.  *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 467 n. 6 (1982) (Claim preclusion applies to claims that were or could have been raised; issue preclusion applies to issues that were actually decided.).

(6) and 33-18-242(1) and (8), MCA.  The threshold question here is whether Mesa was self-insured or simply uninsured.  This question cannot be determined on the present state of the record.  Mesa's motion to dismiss the bad faith claim should be denied.

## C.  **Emotional Distress**

Since the Court is allowing plaintiffs' bad faith claims to proceed, it would be premature to consider whether plaintiff Jim DuBray, either individually or as the assignee of DLS, can assert a stand-alone claim for negligent or intentional infliction of emotional distress.

### RECOMMENDATIONS

In accordance with the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Mesa's motion to dismiss (doc. 6) be granted as to plaintiffs' claim for abuse of process and that Count I of the complaint be dismissed.  The Magistrate Judge further **RECOMMENDS** that the motion to dismiss in all other respects be denied.

Under 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed.R.Civ.P., the parties may serve and file written objections within 10 days of receipt of these recommendations.

DONE AND DATED this 31st day of March, 2006.

RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE