FILED
BILLINGS DIV.

2007 JUN 14  PM 1 36

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DUBRAY LAND SERVICES, INC., and JAMES DUBRAY,<br><br>          Plaintiffs,<br><br>vs.<br><br>SCHRODER VENTURES U.S., ANDREW GASPAR, NICHOLAS SOMERS, and W. MONTAGUE YORT, MESA COMMUNICATIONS GROUP, LLC, MESA HOLDING CO., and JOHN DOES 1-10,<br><br>          Defendants. | CV-05-130-BLG-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON SVIP DEFENDANTS' MOTION TO DISMISS** |

Plaintiffs DuBray Land Services, Inc., and James DuBray (hereafter the "DuBrays") instituted this action in Montana state court against Defendants for claims arising from a previous lawsuit in which DuBray Land Services, Inc., sued Mesa Communications Group, LLC.  See DuBray Land Services, Inc. v. Mesa Communications Group, LLC, CV 01-123-BLG-RFC ("DuBray I"). In the underlying action, Dubray Land Services, Inc., recovered damages after a jury trial.

In the present case, the DuBrays claim that Defendants' participation in the management of DuBray I caused them damages.

-1-

For their claims, the DuBrays allege abuse of process, bad faith, and intentional and negligent infliction of emotional distress. They seek compensatory and punitive damages.

Now pending before the Court is Defendants SV Investment Partners LLC,[1] Andrew Gaspar, Nicholas Somers, W. Montague Yort, and Mesa Holding Co.'s (hereafter the "SVIP Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) (Court's Doc. No. 32).

On April 6, 2007, the Court held oral argument on the foregoing and all other motions pending at that time.  Having considered the parties' submissions and arguments in support of their respective positions, the Court makes the following Findings and Recommendation.[2]

## I.   *PROCEDURAL BACKGROUND*

On October 6, 2005, Defendant Mesa Communications Group, LLC (hereafter "Mesa"), removed this matter (Court's Doc. No. 1), invoking the Court's diversity jurisdiction.

On October 26, 2005, Mesa filed a Motion to Dismiss (Court's Doc. No. 6).

On March 23, 2006, Magistrate Judge Anderson, to whom this

---

[1]SV Investment Partners LLC indicates in its submissions that it is incorrectly named Schroder Ventures US in this action.

[2]By Order filed January 19, 2007, United States District Judge Richard F. Cebull referred this case to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), including submission of proposed findings and recommendations.  See Court's Doc. No. 67.

case was originally assigned, issued an Order (Court's Doc. No. 14) directing the DuBrays to "appear by affidavit to show cause, if any, why [the SVIP Defendants] should not be dismissed from this action without prejudice pursuant to Rule 4(m), Fed. R. Civ. P."

On March 31, 2006, Magistrate Judge Anderson filed Findings and Recommendations ("*3/31/06 Findings*") (Court's Doc. No. 16) recommending that Mesa's motion to dismiss be granted with respect to the DuBrays' claim for abuse of process, but denied to the extent that it sought dismissal of the DuBrays' claims for bad faith and infliction of emotional distress.

On April 4, 2006, the DuBrays filed the Affidavit of Jeff Oven (Court's Doc. No. 17), their counsel. Responding to the Court's March 23, 2006, show cause order, Mr. Oven described in his affidavit the basis for the DuBrays' failure timely to serve the SVIP Defendants in accordance with Rule 4(m). Mr. Oven stated, in part, as follows:

3.   As alleged in the Complaint, [the SVIP Defendants] are alter egos of Mesa Communications Group, LLC. As alleged in the Complaint, these other Defendants improperly and illegally used Mesa Communications Group, LLC in an intentional effort to damage DuBray.

4.   DuBray has not served these other Defendants for the sole reason that shortly after this case was removed to Federal Court, Mesa Communications Group, LLC filed a motion to dismiss. This motion to dismiss sought the dismissal of the entire Complaint. This motion to dismiss (if granted in its entirety) would have been dispositive of the entire case. As a result, DuBray wanted to avoid the costs associated with serving these other individuals until the issues raised by this

-3-

motion were decided.

5. Also, this delay has not caused any prejudice to the other Defendants. Several months ago, a copy of the Complaint was sent to their lawyer and the parties have been engaged in some settlement negotiations. Of course, like Mesa Communications Group, LLC has done, these other entities could appear without formal service. These other Defendants have not done so, perhaps wanting to avoid the expense of retaining local counsel until after the motion to dismiss was decided.

*Affidavit of Jeff Oven* (Court's Doc. No. 17) *at 2-3* (footnote omitted). The DuBrays then served the SVIP Defendants. See Court's Doc. Nos. 22-27.

On May 12, 2006, Judge Cebull affirmed Judge Anderson's recommendations, and entered an Order (Court's Doc. No. 28) dismissing the DuBray's claim against Mesa for abuse of process, but otherwise denying Mesa's motion.

On June 8, 2006, the SVIP Defendants filed their presently pending motion (Court's Doc. No. 32) to dismiss all claims against them for lack of personal jurisdiction under Rule 12(b)(2)[3] and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The parties filed their briefs with respect to the SVIP Defendants' motion to dismiss, and the DuBrays also moved the Court to allow additional time for them to conduct discovery.

On October 18, 2006, Judge Anderson issued an Order (Court's Doc. No. 53) granting the DuBrays' request to conduct discovery.

---

[3]All references to "Rules" herein are to the Federal Rules of Civil Procedure unless otherwise noted.

He expressly limited the scope of the discovery sought, however, by noting that "[d]iscovery in connection with defendants' motion need be had only on the jurisdictional question." *Order filed Oct. 18, 2006, at 3.*  Judge Anderson further imposed upon the parties a December 20, 2006, deadline by "which to conduct discovery on the question of whether this Court has personal jurisdiction over defendants Schroder Ventures, Gaspar, Somers, Yort, and Mesa Holding Co." *Id.*  The Order also directed the parties to file, on January 15, 2007, simultaneous supplemental briefs addressing the personal jurisdiction issue.  *Id.*[4]

On January 16, 2007, the parties filed their supplemental briefs.[5]  On January 17, 2007, the DuBrays filed their Motion to Compel Production of Personal Jurisdiction Information (Court's Doc. No. 65).

On January 19, 2007, Mesa filed its motion for summary judgment.

On April 6, 2007, the undersigned conducted a hearing and heard oral argument on all pending motions.

On April 10, 2007, the undersigned issued Findings and Recommendation (Court's Doc. No. 83) recommending that Mesa's motion for summary judgment be granted as to all remaining claims

---

[4]On January 8, 2007, this case was reassigned to the undersigned because of Judge Anderson's retirement.  On January 19, 2007, Judge Cebull reassigned the case to himself and referred it to the undersigned under 28 U.S.C. §§ 636(b)(1)(A) and (B).

[5]January 15, 2007, was a federal holiday.  Thus, the parties filed their supplemental briefs the next day.

against it.  The undersigned also issued an Order (Court's Doc.
No. 82) that, *inter alia*, allowed the DuBrays and the SVIP
Defendants to file additional supplemental briefs addressing the
personal jurisdiction issue raised in the SVIP Defendants'
pending motion to dismiss.

On May 14, 2007, the DuBrays and the SVIP Defendants filed
their respective additional supplemental briefs and supporting
materials with respect to the SVIP Defendants' motion to dismiss
for lack of personal jurisdiction.[6]

On May 17, 2007, Judge Cebull, over the DuBrays' objections
(Court's Doc. No. 84), issued an Order (Court's Doc. No. 91)
adopting the undersigned's Findings and Recommendation in their
entirety, and granting Mesa's motion for summary judgment.  Thus,
at this juncture, all of the DuBrays' claims against Mesa have
been dismissed.

---

[6]In support of their motion to dismiss, the SVIP Defendants have
now filed, along with supporting materials, the following four briefs:
(1) *Brief in Support of Motion to Dismiss Pursuant to F.R.Civ.P. 12(b)*
(Court's Doc. No. 33) (*"SVIP Defts' Opening Br."*); (2) *Brief in
Further Support of Motion to Dismiss and In Opposition to Plaintiffs'
Rule 56(f) Motion* (Court's Doc. No. 52) (*"SVIP Defts' Resp."*); (3)
*Supplemental Jurisdictional Brief in Support of Motion to Dismiss*
(Court's Doc. No. 62) (*"SVIP Defts' 1st Supp."*); and (4) *Second
Supplemental Jurisdictional Brief in Support of Motion to Dismiss*
(Court's Doc. No. 88) (*"SVIP Defts' 2nd Supp."*).

In opposition to the SVIP Defendants' motion to dismiss, the
DuBrays have now filed, along with supporting materials, the following
three briefs: (1) *Plaintiffs' Combined Rule 56(f) Motion and Response
Brief Opposing [SVIP Defendants'] Motion to Dismiss* (Court's Doc. No.
45) (*"DuBrays' Resp."*); (2) *Plaintiffs' Supplemental Brief in Further
Support of Combined Rule 56(f) Motion and Response Brief Opposing
Motion to Dismiss* (Court's Doc. No. 63) (*"DuBrays' 1st Supp."*); and (3)
*Plaintiffs' Supplemental Brief on Exercise of Personal Jurisdiction
Over [SVIP Defendants]* (Court's Doc. No. 86) (*"DuBrays' 2nd Supp."*).

-6-

## II.   *DISCUSSION*

### A.   *Assuming Presence of Personal Jurisdiction Over the SVIP Defendants in Order to Adjudicate Merits of the SVIP Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted*

In the Ninth Circuit, "[a] court may assume the existence of personal jurisdiction and adjudicate the merits in favor of the defendant without making a definitive ruling on jurisdiction." Lee v. City of Beaumont, 12 F.3d 933, 937 (9th Cir. 1993) (citation omitted). In Lee, the court cited several cases in which it assumed jurisdiction to reach the merits and rule in favor of the defendant. Id. at 937-38 (citing cases). The court also noted that the United States Supreme Court "has reserved jurisdictional questions when the case could alternatively be resolved on the merits in favor of the party challenging jurisdiction." Id. at 938 (citing Norton v. Matthews, 427 U.S. 524, 532 (1976); Secretary of the Navy v. Avrech, 418 U.S. 676, 677-78 (1974)).

In light of this case's procedural posture, the complexity of the jurisdictional issues, and the foregoing authority, the Court deems it appropriate, for purposes of the instant motion, to assume the existence of personal jurisdiction over the SVIP Defendants. The Court, therefore, will proceed next to address the SVIP Defendants' motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

**B.**     _**Rule 12(b)(6) Standard**_

In considering a motion to dismiss, the Court must "take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the plaintiff." Seinfeld v. Bartz, 322 F.3d 693, 696 (9th Cir. 2003) (quoting Desaigoudar v. Meyercord, 223 F.3d 1020, 1021 (9th Cir. 2000), cert. denied, 532 U.S. 1021, 121 S.Ct. 1962, 149 L.Ed.2d 757 (2001)). Dismissal is improper unless it appears beyond doubt that the DuBrays can prove no set of facts in support of their claims that would entitle them to relief. See DeGrassi v. City of Glendora, 207 F.3d 636, 644 (9th Cir. 2000).

Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994), cert. denied, 515 U.S. 1173 (1995). The Court is not required to assume, however, that the DuBrays can prove facts different from those alleged in their Complaint. See Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). Also, the Court may dismiss a claim where the DuBrays have alleged facts that disclose some absolute defense or bar to recovery. See Weisbuch v. County of L.A., 119 F.3d 778, 783, n.1

(9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other ... evidence on summary judgment establishes the identical facts.").

### C.   *Analysis*

As an initial matter, the Court notes that the DuBrays, through statements made by their counsel in the April 4, 2006, affidavit (Court's Doc. No. 17) quoted above, appear to concede that dismissal of all claims against Mesa would dispose of all of their claims against all Defendants.  Counsel stated then that "the sole reason" the DuBrays had not served the SVIP Defendants was that they were awaiting the Court's decision on Mesa's motion to dismiss which, "(if granted in its entirety) would have been dispositive of the entire case."

Judge Cebull adopted the undersigned's Findings and Recommendation that Mesa's summary judgment motion be granted as to all remaining claims against Mesa.  As the DuBrays acknowledged through counsel's affidavit, the ruling dismissing all claims against Mesa is "dispositive of the entire case" and the DuBrays' claims against the SVIP Defendants necessarily would fail.

Because the Court is not certain that the statements in counsel's affidavit represent the DuBrays' current position with respect to whether dismissal of claims against Mesa also disposes of claims against the SVIP Defendants, the Court will proceed to address the SVIP Defendants' motion to dismiss.

Again, for their claims, the DuBrays allege abuse of process, bad faith, and intentional and negligent infliction of emotional distress.  For the reasons set forth below, the Court concludes that each count fails to state a claim upon which relief can be granted.  Therefore, the Court will recommend that the SVIP Defendants' motion to dismiss be granted.

### 1.   *Abuse of Process Claim*

Counsel for the DuBrays conceded at the April 6, 2007, hearing that Judge Anderson's reasoning in recommending dismissal of the abuse of process claim against Mesa would apply to the same claim against the SVIP Defendants.  The Court agrees that Judge Anderson's reasoning is equally applicable to the DuBrays' abuse of process claim against the SVIP Defendants.  See *3/31/06 Findings at 2-5.*  Thus, the Court concludes that the abuse of process claim should be dismissed.

### 2.   *Bad Faith Claim*

Montana's Unfair Trade Practices Act ("UTPA") applies to insurers, which include "person[s], firm[s], or corporation[s] utilizing self-insurance to pay claims made against them."  Mont. Code. Ann. § 33-18-242(8) (2005).  The SVIP Defendants were not parties to the underlying action.  See DuBray Land Services, Inc. v. Mesa Communications Group, LLC, CV 01-123-BLG-RFC ("DuBray I").  Thus, no claims were made against them in the underlying action, and they therefore did not pay claims made against them. The UTPA does not apply to the payment of claims by SVIP

-10-

Defendants.  Further, since the Court has held that Mesa was not
a self-insurer, the UTPA does not apply to the SVIP Defendants
through Mesa because there are no applicable "policies" or
"claims."

        The Court also is not persuaded by the DuBrays' argument
that the individual Defendants might be liable under a claim for
common law bad faith insurance practices.  Such claims can only
be sustained against those in the insurance business.  See Ogden
v. Montana Power Company, 747 P.2d 201, 204-05 (Mont. 1987).  The
DuBrays have not alleged that the SVIP Defendants are in the
insurance business.

        For the foregoing reasons, the Court concludes that the
DuBrays' bad faith claim against the SVIP Defendants fails to
state a claim upon which relief can be granted.

### 3.  *Infliction of Emotional Distress Claims*

        In the discussion above, the Court is recommending that the
DuBrays' abuse of process and bad faith claims against the SVIP
Defendants be dismissed for failure to state a claim upon which
relief can be granted.  In light of the foregoing
recommendations, for the same reasons stated in the undersigned's
Findings and Recommendation (Court's Doc. No. 83) filed on April
10, 2007, the Court concludes that the DuBrays' claims for
negligent and intentional infliction of emotional distress
against the SVIP Defendants also fail to state a claim upon which
relief can be granted and should be dismissed.  See *Findings and*

-11-

*Recommendations of United States Magistrate Judge on Mesa Communications Group, LLS's Motion for Summary Judgment at 14-17.*

### III. *CONCLUSION*

Based on the foregoing,

**IT IS RECOMMENDED** that the SVIP Defendants' Motion to Dismiss (Court's Doc. No. 32) be GRANTED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed within ten (10) days after receipt hereof, or objection is waived.

DATED this 14 day of June, 2007.

Carolyn S. Ostby
United States Magistrate Judge

-12-